UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) JAMES BOLES and<br>(2) BARBARA BOLES,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) CARSHIELD, LLC;<br><br>(2) NRRM, LLC; and<br><br>(3) CONCORDIAN, LLC d/b/a AMERICAN AUTO SHIELD;<br><br>    Defendants. | Case No. 22-CV-00034-JFH-CDL |

**PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT**

**COME NOW** the Plaintiffs, James Boles and Barbara Boles, by and through their counsel of record, SMOLEN | LAW, PLLC, and hereby move this Court to remand this matter to the District Court of Tulsa County, State of Oklahoma. In support, Plaintiffs show the Court as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

This case involves Plaintiffs' state law claims against the Defendants arising out of a contract for indemnity and repair of Plaintiffs' vehicle. Plaintiffs allege Defendants breached the contract, as well as the duty of good faith and fair dealing owed to Plaintiffs, and bring further state law claims for fraud and for violation of the Oklahoma Consumer Protection Act. *See* Petition, Doc. 2-1 at 6.

Plaintiffs filed suit against Defendants[1] in Oklahoma State Court, in the District Court in and for Tulsa County, State of Oklahoma, on December 10, 2021, resulting in Tulsa County Case No. CJ-2021-03505 ("Tulsa County Case"). *Id*. Defendants were served with process, and, on January 10, 2022, they filed an answer, Doc. 2-1 at 25, and a motion to dismiss, Doc. 2-1 at 34. On January 14, 2022, Tulsa County District Court Judge William D. LaFortune set Defendants' motion for hearing on February 15, 2022 at 11:00 a.m. in Courtroom 513. *See* Notice of Hearing, Doc. 2-1 at 71. *Thereafter*, on January 19, 2022, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity of citizenship of the parties. *See* Notice of Removal, Doc. 2.

As set forth below, removal in this case was improper. Defendants waived their right to removal by submitting to the jurisdiction of the Tulsa County District Court and seeking affirmative relief therein prior to removal. Accordingly, this Court must remand this case back to the Tulsa County District Court.

## **ARGUMENT & AUTHORITY**

The Tenth Circuit holds that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque v. Soto Enterprises, Inc*., 864 F.3d 1089, 1099 (10th Cir. 2017). This Circuit "favor[s] a bright-line rule to avoid piecemeal litigation

---

[1] In their Petition, Plaintiffs named Carshield, LLC, NRRM, LLC, and Concordian, LLC d/b/a American Auto Shield as Defendants. Doc. 2-1. In their answer to Plaintiff's Petition, Defendants advised that the proper defendants are NRRM, LLC, d/b/a CarShield and American Auto Shield, LLC. *See* Answer, Doc. 2-1 at 25. Plaintiff anticipates amending the pleadings to correct any mistake in naming after the instant motion is decided.

that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations. *Id.*[2]

Defendants may argue that an exception to the bright-line rule applies, in that Oklahoma procedure rules, which require defendants to file motions to dismiss within 20 days, present a "quandary" whereby a defendant "might have filed for timely removal only to find itself back in state court where the time to file a motion to dismiss had run." *Id*. Even if the Court does not apply the bright-line rule, waiver by participation nonetheless applies because Defendants filed their motion, had the same set for hearing by the state court, and then *waited* a *week and a half* to remove the matter to this Court. Such conduct simply cannot be said to be "swiftly seeking to remove his case to federal court."*Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citing by the Tenth Circuit in *Soto*); *May v. Board of County Com'rs for Cibola County*, 945 F. Supp. 2d 1277, 1283 (D.N.M. May 6, 2013) (" '[C]ourts have long recognized that the guiding rationale behind the doctrine of waiver is concern for preventing a removing defendant from testing the waters in state court and, finding the temperature not to its liking, beating a swift retreat to federal court.'") (quoting *Abraham v. Cracker Barrel Old Country Store, Inc*., 2011 WL 1790168, *6 (E.D. Va. May 9, 2011); *Delaluz v. Management & Training Coporation*, 2017 WL 3498682, *4 (D. Utah Aug. 15, 2017) (waiver by participation applied despite procedural quandary created by state court rules because defendant did not "swiftly" or immediately remove to federal court).

---

[2] In *Soto*, plaintiff City brought suit in New Mexico state court alleging contract and tort claims. The defendant filed a motion to dismiss and an answer, followed by a removal just a little over an hour later. *Id.* at 1091. City filed a motion to remand, arguing that the defendant waived its right to remove the case to federal court after participating in the state court by filing a motion to dismiss. The Tenth Circuit agreed.

Here, Defendants, by filing their motion to dismiss on the merits of Plaintiffs' claims, took substantial offensive action in Oklahoma state court which indicated a clear willingness to litigate in that tribunal before filing a notice of removal with the federal court. *Soto*, 864 F.3d at 1098. The motion was set for hearing before the state court and Defendants did nothing for over a week. Such conduct evidences a clear and unequivocal intent to litigate in state court. Presumably, Defendants decided, *after* filing their motion, that they would prefer to defend against Plaintiff's claims in a forum that is currently overwhelmed and committed to not trying civil cases "before a district judge in the foreseeable future." *See* General Order 22-04, rather than in a forum that set its motion to dismiss for immediate hearing and decision and which has not imposed any sort of stay on civil trials.

Accordingly, on the facts of this case, this Court should find that Defendants waived their right of removal by "seeking an adjudication on the merits" of this case in the trial court and remand this matter back to the Tulsa County District Court.

**WHEREFORE**, premises considered, Plaintiffs respectfully request that this Court remand this matter to the Tulsa County District Court.

Respectfully submitted,

SMOLEN | LAW, PLLC


/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Lawrence R. Murphy, Jr., OBA #17681
Hunter K. Bailey, OBA #34219
611 S. Detroit Ave.
Tulsa, OK  74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
laura@smolen.law
larry@smolen.law
hunter@smolen.law
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 1st day of February 2022, I caused a true and correct copy of the foregoing to be submitted to the Clerk of the Court for electronic transmission to all counsel of record.

                /s/Donald E. Smolen, II