

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

JAMES BOLES and BARBARA BOLES,

    Plaintiffs,

v.

CARSHIELD, LLC, a Foreign Limited Liability Corporation; NRRM, LLC, a Foreign Limited Liability Corporation, and CONCORDIAN, LLC d/b/a AMERICAN AUTO SHIELD, a Foreign Limited Liability Corporation,

    Defendants.

Case No.:

**DISTRICT COURT FILED**

DEC 10 2021

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**CJ-2021-03505**

William D. LaFortune

ATTORNEY LIEN CLAIMED

### PETITION

COMES NOW the Plaintiffs, James and Barbara Boles, by and through their attorneys of record, and for their causes of action against the Defendants CarShield, LLC, NRRM, LLC, and Concordian, LLC d/b/a American Auto Shield, alleges and states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff James Boles is, and was at all times relevant hereto, a citizen of Oklahoma residing in Tulsa County, Oklahoma.

2. Plaintiff Barbara Boles is, and was at all times relevant hereto, a citizen of Oklahoma residing in Tulsa County, Oklahoma.

3. CarShield, LLC ("CarShield") is a foreign limited liability corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

4. NRRM, LLC ("NRRM") is a foreign limited liability corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

**Exhibit 3**

5. Concordian, LLC d/b/a American Auto Shield ("Concordian") is a foreign limited liability corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma

6. Upon information and belief to be confirmed through discovery, CarShield, NRRM, and Concordian (hereinafter referred collectively as "Defendants") were authorized to sell, issue, and/or administer extended warranty policies within the State of Oklahoma by the Oklahoma Insurance Department at all times relevant hereto.

7. Defendants regularly conduct business throughout the state of Oklahoma, including Tulsa County. Defendants issue policies, process claims, and conduct all matters of business with customers living in Tulsa County, Oklahoma.

8. The matters sued upon herein occurred while the Plaintiffs' vehicle was being kept, used, serviced, and maintained in Tulsa County, Oklahoma.

9. As such, this Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

10. Paragraphs 1-9 are incorporated herein by reference.

11. In December of 2019, Defendants actively advertised its extended warranties to consumers stating, among other things, that "CarShield pays for repairs, so I don't have to."

12. The Defendants advertisements included cameos from celebrities such as Ice T, Ric Flair, and Chris Berman.

13. Defendants intended for the statements and representations contained in their commercials to be relied upon by their intended audience, including Plaintiffs.

2

14.     Believing he could purchase protection from expensive repair costs to his vehicle after seeing the above referenced advertisements, Plaintiff James Boles called the CarShield phone number to inquire about an extended warranty.

15.     Plaintiff James Boles spoke with an employee of the Defendants who informed Plaintiff that the CarShield extended warranty would cover any mechanical issue to his vehicle, no questions asked. After speaking with the Defendants' employee, the Plaintiffs made the decision to purchase a warranty.

16.     On or about December 19, 2019, the Defendants sold Plaintiffs an extended warranty service contract, identified as "Service Contract Number MRF3013004" (hereafter "the Service Contract").

17.     The Service Contract provided coverage for Plaintiff's 2009 Chevrolet Silverado, VIN # 1GCHC44K19F149850 (hereafter "Plaintiffs' Vehicle") in the event that Plaintiffs' Vehicle suffered a mechanical breakdown within the time and mileage parameters of the Service Contract, which Plaintiffs believed amounted to insurance coverage.

18.     On or about August 20, 2020, Plaintiff's vehicle suffered a mechanical breakdown, within the parameters of the Service Contract, rendering their vehicle inoperable.

19.     Plaintiffs timely filed a claim with the Defendants pursuant to the Service Contract.

20.     The Defendants requested that the Plaintiffs' vehicle be towed to Abbot Automotives, which performs engine and transmission repairs, to be further evaluated.

21.     After reviewing the records from Abbot Automotives, the Defendants denied the plaintiffs' claim on the basis that there was allegedly carbon build up in the engine of Plaintiffs' Vehicle, which the Defendants alleged was not covered under the Service Contract.

22.     Plaintiffs fully complied with the terms and conditions of the Service Contract at all times relevant hereto and have repeatedly requested payment for their losses under the Service Contract, but Defendants have refused to tender said benefits.

23.     The Defendants' actions amount to a total disregard of obvious evidence, which supported coverage and required payment of Plaintiffs' claims.

24.     Defendants' advertisements are designed to induce consumers into believing that by purchasing Defendants' extended warranties the risk of paying for repairs is transferred from the consumer to the Defendants.

25.     As a result of the Defendants' improper conduct, the Plaintiffs sustained monetary damages, inconvenience, loss of peace of mind and security, emotional distress, worry, anguish, financial distress, and attorney fees.

## CAUSES OF ACTION

### I. BREACH OF CONTRACT

26.     Paragraphs 1-25 are incorporated herein by reference.

27.     Plaintiffs purchased the Service Contract to insure/protect against unforeseen repair costs due to mechanical failure/breakdown occurring to their Vehicle.

28.     Plaintiffs have requested Defendants tender payment under the Service Contract and Defendants have failed to do so.

29. Plaintiffs have performed all conditions precedent under the Service Contract.

30. Defendants have breached the terms of the Service Contract and have wholly refused or neglected to pay the Plaintiffs the value of their damages. Said failure constitutes a breach of contract and Plaintiffs are entitled to judgment against Defendants for the damages in excess of $75,000.00.

## II. FRAUDULENT INDUCEMENT

31. Paragraphs 1-30 are incorporated herein by reference

32. To induce Plaintiffs to enter into the Service Contract, the Defendants advertised the Service Contract as protection against the high cost of auto repairs. Defendants led Plaintiffs to believe that if their vehicle suffered a mechanical breakdown, the Service Contract would provide coverage for the repair.

33. Defendants misrepresented and/or concealed the terms and conditions of the Service Contract to the Plaintiffs.

34. The foregoing misrepresentations and concealments by the Defendants were made with the intention to coerce the Plaintiffs into purchasing the Service Contract.

35. But for the foregoing misrepresentations and concealments, the Plaintiffs would not have entered into the Service Contract.

36. The foregoing misrepresentations and concealments constitute fraud for which Defendants should be liable.

37. Plaintiffs request that judgment be entered against Defendants in an amount in excess of $75,000.00, plus attorney's fees, costs, interest accrued and accruing, plus punitive damages in an amount to be determined by the jury.

### III. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38. Paragraphs 1-37 are incorporated herein by reference.

39. Defendants presented the Service Contract to the Plaintiffs as insurance on the Plaintiffs' Vehicle, which provided coverage to the Plaintiffs in the event of a mechanical breakdown.

40. Such contracts are insurance and are subject to the to the same covenants of good faith as other insurance contracts. *McMullan v. Enterprise Financial Group, Inc.*, 247 P. 3d 1173 (Okla. 2011).

41. Defendants owed a duty to deal fairly and in good faith with the Plaintiffs in the handling of their claim for benefits.

42. In its handling of Plaintiffs' claim for benefits under the Service Contract, and as a matter of routine practice in handling similar claims, Defendants breached their duty to deal fairly and in good faith towards the Plaintiffs and others in the following respects:

   a. Failing to pay the Plaintiffs the benefits that they were entitled to under the Service Contract at the time when Defendants knew the Plaintiffs were entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiffs knowing that the Plaintiffs' claim for those benefits was valid;

   c. Refusing to honor the Plaintiffs' claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

6

    d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

    e. Refusing to pay Plaintiffs' claim for reasons contrary to the express provisions of the law;

    f. Intentionally and recklessly misapplying the provisions of the Service Contract;

    g. Using their unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiffs and to effect an economic gain for the Defendants by not paying an amount that was owed by virtue of the insurance contract;

    h. Failing to properly investigate the Plaintiffs' claim for benefits;

    i. Failing to properly evaluate the investigation that was done on the Plaintiffs' claim for benefits;

    j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under Service Contracts including the claims of the Plaintiffs; and

    k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiffs' claim.

43. As a direct result of Defendant's breach of its duty of good faith and fair dealing, the Plaintiffs have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, and financial hardship in excess of $75,000.00.

### IV. VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT

44. Paragraphs 1-44 are incorporated herein by reference.

45. The sale of the Service Contract by Defendants to the Plaintiffs qualifies as a "Consumer Transaction" under the terms of the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. § 751 (2011) et. seq. (See, 15 O.S. § 752(2)).

7

46. 29. Plaintiffs qualifiy as a "Person" under the terms of the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. § 751 (2011) et. seq. (See, 15 O.S. § 752(1)).

47. 30. Defendants, individually and collectively, qualify as a "Person" under the terms of the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. § 75 § (2011) et. seq. (See, 15 O.S. § 752(1)).

48. 31. The Service Contract sold to the Plaintiffs qualifies as "Merchandise" under the terms of the Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. § 751 (2011) et. seq. (See, 15 O.S. § 752(7)).

49. 33. Defendants knowingly, or with reason to know, made false representations as to the characteristics and benefits of the Service Contract sold to the Plaintiffs in violation of 15 O.S. § 753.

50. As a direct result of Defendant's violation of the Oklahoma Consumer Protection Act ("OCPA"), the Plaintiffs have suffered actual damages in excess of $75,000.00

## V. PUNITIVE DAMAGES

51. Paragraphs 1-50 are incorporated herein by reference.

52. Defendants have acted intentionally, maliciously and/or in reckless disregard for the rights of the Plaintiffs.

53. Accordingly, the Plaintiffs are entitled to recover punitive damages against the Defendants for their actions as set forth herein in an amount in excess of $75,000.00.

WHEREFORE, based on the foregoing, the Plaintiffs prays that the Court grant the relief sought herein, including reformation of the policy of insurance, actual damages

8

in excess of $75,000.00, punitive damages in excess of $75,000.00, reasonable attorney fees and costs, and all other relief deemed appropriate and equitable by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

Donald E. Smolen, II, OBA #19944
John Warren, OBA #33635
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4529
F: (918) 890-4529
don@smolen.law
jack@smolen.law
*Attorneys for the Plaintiff*