

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 30 2015

TIM RHODES
COURT CLERK
29_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| VALERIE HARDRICK AND <br> MICHAEL HARDRICK <br>     Plaintiffs, <br><br> vs. <br><br> DAVID STANLEY DODGE, LLC, et al., <br>     Defendants | ) <br> ) <br> ) <br> ) <br> )    Case No. CJ-14-6411 <br> ) <br> ) <br> ) <br> ) |

## FINDINGS OF FACT

1. Plaintiff admits she did execute "a" Purchase Agreement to purchase the Dodge Ram pickup, and the one she signed "looks like" David Stanley's Exhibit No. 1. (See, Testimony of Valerie Hardrick, page 27, lines 5-8 and lines 14-23; page 28, lines 13-19; page 29, lines 4-7; page 37, line 24 through page 38, line1.)[1]

2. Plaintiff admitted she signed "a" Purchase Agreement in the areas marked with an "X". (See, Testimony of Valerie Hardrick, page 31, lines 3-17.)

3. Plaintiff signed in four areas, one of which was underneath the Dispute Resolution Clause. (See, Testimony of Samuel McKinley, page 64, lines 8-21.)

4. David Stanley's Exhibit 1, is the standard form used by David Stanley Dodge in February and March 2013, and is the form that would have been used to purchase a new vehicle. (See, Testimony of Samuel McKinley, page 62, lines 20 through page 63, line 4; and page 68, line 22 through page 69, line 3.)

5. David Stanley's Exhibit No. 1 contains a Dispute Resolution Clause which was red in color in February and March 2013. (See, Testimony of Samuel McKinley, page 63, lines 5-1, and David Stanley Dodge Exhibit No. 1.)

6. Plaintiff admitted no representations were made to her about the Dispute Resolution Clause. (See, Testimony of Valerie Hardrick, page 38, lines 18-25 through page 39, line 13.)

7. Joe Jeffers, the representative for David Stanley Dodge, showed Plaintiff the price of the vehicle as well as verifying her address and told Plaintiff to make sure

---

[1] The evidence is disputed as to whether Plaintiff signed the Purchase Agreement actually admitted into evidence as David Stanley's Exhibit No. 1. Plaintiff does admit she signed "a" Purchase Agreement that "looks like" David Stanley Dodge's Exhibit No. 1. Due to this admission, the Court does not address the applicability of the direct benefit estoppel argument.

everything is correct on it and sign it. (See, Testimony of Valerie Hardrick, page 39, lines 14-17; and page 64, line 22 through page 65, line 1.) Mr. Jeffers explained the purpose for her signature on the Purchase Agreement was "to verify the truck, that it was the exact truck," (See, Testimony of Valerie Hardrick, page 54, lines 14-17), "to identify the Dodge that you're buying and the price of the vehicle and your address," (See, Testimony of Valerie Hardrick, page 55, lines 10-13), and "to check her now address and now price of and the vehicle and her phone number." (See, Testimony of Michael Hardrick, page 97, lines 2-7.)

8. Mr. McKinley allowed Mr. Jeffers to make all the disclosures regarding the sales transaction document because he was a friend of Plaintiffs and they trusted him. (See, Testimony of Samuel McKinley, page 86, lines 18-25.) Mr. McKinley did not know if Mr. Jeffers was an employee of David Stanley Dodge at the of the sale. (See, Testimony of Samuel McKinley, page 85, lines 8-10.)

9. No one precluded Plaintiffs from reading the Purchase Agreement, including the Dispute Resolution Clause. (See, Testimony of Samuel McKinley, page 65, lines 2-17.)

## CONCLUSIONS OF LAW

1. Someone who signs an agreement is presumed to known its contents, and one with an opportunity to read the contract cannot escape liability under the contract. *Chaney v. Chevrolet*, 350 P.3d 170, 2015 OK CIV APP 55.

2. This presumption can be overcome by a showing of fraud. *Chaney, supra* citing *Dusbabek v. Bowers*, 1934 OK 594, 43 P.2d 97.

3. Where there is no duty to speak and a person undertakes to speak, he must disclose all known facts. *Croslin v. Enerlex, Inc.*, 2013 OK 34, 308 P.3d 1041

4. The undisputed testimony is that Mr. Jeffers made disclosures to Plaintiffs about the contents of "a" Purchase A agreement because he was their friend and they trusted hem. Having undertaken to speak about the contents of the Purchase Agreement, he was obligated to disclose all known facts, including the existence of the Dispute Resolution Clause, which the undisputed evidence indicates he did not disclose.[2]

---

[2]Judge Cauthron's Order in *Hardrick v. David Stanly Dodge, LLC,* Case No. CIV-15-540-C, is distinguishable from the facts herein. In that case, Judge Cauthron, found that there was no evidence that Plaintiff was told that "the **only** purpose to the purchase agreement was to identify the car," and that the evidence established the Plaintiff therein recognized the purchase agreement served a broader purpose than merely identifying the vehicle (e.g.: It identified the price of the vehicle.)

WHEREFORE, PREMISES CONSIDERED, the Court denies the Motion to Compel Arbitration.

*[signature]*
THE HONORABLE PATRICIA G. PARRISH
DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 day of July, 2015, a copy of this Order was mailed to the following:

Ms. Kathi Rawls
Ms. Minal Gahlot
2404 South Broadway
Moore, OK 73160

Mr. Derrick DeWitt
P.O. Box 138800
Oklahoma City, OK 73160

Mr. Clayton Ketter
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, OK 73102

TIM RHODES, Court Clerk

*[signature]*
Janice Pitts, Deputy Court Clerk

3