IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES BOLES,<br>(2) BARBARA BOLES,<br><br>        Plaintiffs,<br><br>v.<br><br>(1) CARSHIELD, LLC,<br>(2) NRRM, LLC,<br>(3) CONCORDIAN, LLC d/b/a<br>    AMERICAN AUTO SHIELD,<br><br>        Defendants. | Case No. 22-cv-0034-JFH-CDL<br><br>*Removed from the District Court of Tulsa County, Oklahoma*<br>*Case No. CJ-2021-3014* |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants American Auto Shield, LLC, and NRRM, LLC d/b/a CarShield, LLC ("Defendants'") hereby provide notice of supplemental authority in support of Defendants' arguments presented in their *Motion to Compel Arbitration and Request for Stay of Proceedings* (Dkt. # 25) and related Reply in Support (Dkts. # 28-29). On January 30, 2023, the United States District Court for the Western District of Oklahoma granted a nearly identical motion to compel arbitration and request for stay filed by the three defendants (two of whom are also the defendants in this case) in *Wohlford v. American Auto Shield, LLC, et al.* (Case No. CIV-22-520-SLP), under similar circumstances and facts to the present case.

In its Order, the *Wohlford* Court examined the same arbitration provisions within the Vehicle Service Contract ("VSC") that are at issue in this case, namely, the Dispute Resolution terms in Section M of the VSC and the Oklahoma State Variance included with the VSC. Order (Dkt. # 14), *Wohlford v. American Auto Shield, LLC, et al.*, Case No. CIV-22-520-SLP (W.D. Okla. Jan. 30, 2023), at 4-6. In its analysis, the *Wohlford* Court observed that the VSC imposed

mandatory arbitration terms, which were enforceable under either the Oklahoma Uniform Arbitration Act (OUAA), 12 O.S. § 1851, *et seq.*, or Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*. *Id.* at 4-6; *see also id.* at 6 n. 5. The Court also rejected the plaintiff's arguments that he was not bound by the mandatory arbitration terms, observing that "the record demonstrated Plaintiff accepted the terms of the VSC, including its arbitration provisions" and that plaintiff had "acquiesced to its terms by making payments under the VSC, not cancelling the VSC and by submitting a repair claim under the VSC." *Id.* at 8. Finding that "the undisputed, relevant, and substantiated facts establish that arbitration must be compelled", *id.* at 3-4, the *Wohlford* Court held that "the arbitration provisions of the VSC are enforceable and Plaintiff's claims against Defendants are subject to arbitration", *id.* at 11, as "[t]he record shows Plaintiff knew, or should have known, of all terms of the VSC, including the arbitration provisions, and he is contractually bound by those terms." *Id.*

A copy of the Order issued by the *Wohlford* Court is attached hereto as Exhibit 1.

Respectfully submitted,

DOERNER SAUNDERS DANIEL
& ANDERSON, LLP

/s/ Sara E. Potts
Michael Linscott, OBA No. 17266
Brian Keester, OBA No. 33208
Alexandra Gage, OBA No. 33874
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
T: 918.591.5308 | F: 918.925.5308
Email: mlinscott@dsda.com
          bkeester@dsda.com
          agage@dsda.com
-and-

        Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
T: 405.319.3500 | F: 405.319.3537
Email: spotts@dsda.com

***Attorneys for Defendants CarShield, LLC, and American Auto Shield, LLC***

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on February 9, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system to the following counsel of record:

Donald E. Smolen, II
Smolen Law Firm
Attorney for Plaintiff

/s/Sara E. Potts

6406309.1