## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) JAMES BOLES; and

(2) BARBARA BOLES,

      Plaintiffs,

v.                                   No. 22-cv-00034-WPJ-MTS

(1) CARSHIELD, LLC,
a foreign limited liability company;

(2) NRRM, LLC
a foreign limited liability company; and

(3) CONCORDIAN, LLC d/b/a AMERICAN
AUTOSHIELD, a foreign limited liability company,

      Defendants.


## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

**THIS MATTER** comes before the Court[1] upon Plaintiffs James and Barbara Boles' ("Plaintiffs") Motion to Remand ("Motion"), filed February 1, 2022. Doc. 14. They request the Court to return the case to Tulsa County District Court, where it was initiated. *Id.* Defendants NRRM and American Auto Shield ("Defendants") timely opposed the Motion. Doc. 17.[2] Having reviewed the parties' briefings and the applicable law, the Court finds Plaintiffs' Motion is not well-taken and, therefore, DENIES the Motion to Remand.

---

[1] Chief United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

[2] Defendants identify that Plaintiff improperly pled the parties. Doc. 17, at 1. There are two defendants: NRRM, LLC d/b/a CarShield, and American Auto Shield, LLC (AAS). *Id.* at 1–2. Plaintiff acknowledges the mistake and will amend the pleadings after this opinion is filed. Doc. 14, at 2 n.1

## BACKGROUND

Plaintiffs filed suit in Oklahoma state court on December 10, 2021, alleging various state law claims arising out of a contract. Doc. 2-1, at 6. Consistent with state rules, Defendants were served with process via mail on December 20, 2021. *Id.* at 16, 18, 21; *see also* Doc. 2, at 1. Pursuant to 12 O.S. § 2012, Defendants had twenty days to respond to the petition. *See* Doc. 17, at 2.

Then, Defendants responded to the petition with an entry of appearance, a limited answer, and a motion to dismiss, filed January 10, 2022. Doc. 2-1, at 23, 25, 34. The state court, *sua sponte*, set the motion to dismiss for hearing on February 15, 2022. *Id.* at 71; Doc. 17, at 2. However, nine days later, on January 19, 2022, Defendants filed a Notice of Removal, removing the action to federal court based upon diversity of citizenship. Doc. 2; *see* Doc. 17, at 2.

Now in federal court, on February 1, 2022, Plaintiffs filed their Motion to return this action back to the District Court of Tulsa County. Doc. 14. They argue that removal was improper since Defendants waived their right to removal by submitting to the jurisdiction of the state court. *Id.* at 2. Plaintiffs argue that Defendants submitted to the state court's jurisdiction by filing their motion to dismiss, having it "set for hearing by the state court," and then waiting a week and a half to remove the matter to this Court. *Id.* at 3–4. Defendants disagree. Doc. 17. Defendants argue that removal was proper because they only filed their motion to dismiss at the insistence of state law and in fact did not have their motion to dismiss set for hearing, the state court set it on its own. *Id.* at 4–5.

## DISCUSSION

Generally, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] by the defendant." 28 U.S.C. § 1441(a). Notice of removal must be filed by the defendant within 30 days of service. 28

U.S.C. § 1446(b)(1). Sometimes, however, removal might be improper, wherein the action is remanded back to state court. *See* 28 U.S.C. § 1447(c). There are two bases of remand under section 1447(c): "(1) those based on a lack of subject-matter jurisdiction, which have no time limit, and (2) those based on 'any defect other than lack of subject matter jurisdiction,' which must be filed within 30 days of removal." *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017); *see* 28 U.S.C. § 1447(c). There are three grounds for remand within the meaning of "any defects" under section 1447(c): "(1) noncompliance with the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state." *Id.* at 1094–95 (compiling cases). The remands based upon "any defect" share a defining characteristic—"they involve remands based on the failure to comply with the 'legal requisites' of the removal statutes." *Id.* at 1095.

Then there is waiver by participation, a common-law creation that "does not qualify as 'any defect' under § 1447(c)." *Id.* at 1097. In *City of Albuquerque v. Soto Enter., Inc.*, the yet-to-be-served defendant filed a motion to dismiss in state court then about an hour later, filed a notice of removal. *Id.* at 1091. The Tenth Circuit waded into a circuit split about whether "waiver by participation falls within either of § 1447(c)'s two bases . . . ." *Id.* at 1092. Following the Eleventh Circuit, the Tenth Circuit concluded that waiver by participation is not jurisdictional; rather, it is "a procedural, common-law limitation . . . ." *Id.* at 1093–1094. Second, the Tenth Circuit determined that, "because waiver is a common-law creation not included in the removal statutes, it does not qualify as 'any defect' under § 1447(c)." *Id.* at 1097. Having concluded that waiver by participation is neither jurisdictional nor within the removal statute, the Tenth Circuit held that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits

in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *Id.* at 1099. This is a "bright-line rule" which seeks to "avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations." *Id.*

Understanding that (1) "the most difficult aspect of the waiver doctrine is that it depends on state procedural rules;" and that (2) "whether a defendant has sufficiently participated in a state court before removal [is] subject to differences of opinion and inconsistent application," the Tenth Circuit carved out an exception to their bright-line rule. *Id.* at 1097–98 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (finding that Florida's 20-day requirement for filing motions to dismiss resulted in a 'quandary' for defendants who filed for removal in a timely manner but found themselves back in state court with no time left to file a motion to dismiss)). Waiver of the right to remove will not be found "when a state's procedural rules compel a defendant's state-court participation." *Id.* at 1099. For this exception to apply, courts look to the potential harm to defendants, for instance, "upon remand, would a defendant lose its opportunity to file a motion to dismiss because it failed to comply with a state's procedural rule." *Id.* The *Soto* Court ultimately concluded that the exception did not apply to the facts before it because "(1) the City never served [defendant]; and (2) [defendant] could have removed the case to federal court before filing an answer." *Id.* at 1100. In other words, the defendant in *Soto* was not *compelled* to participate because he was never served with process, thus, the clock had not started running. *Id.* at 1099.

Courts in this circuit have recently had the opportunity to apply *Soto's* waiver by participation rule and its compelled-participation exception. *See Simpson v. P.F. Chang's China*

*Bistro, Inc.*, 2021 WL 1827237, at *2–3 (D. Colo. May 7, 2021) (holding that Colorado state law requires responsive filings within twenty-one days contrasted to removal's thirty-day timeline, presenting a *Soto/Yusefzadeh*-esque quandary); *Delaluz v. Mgmt. & Training Corp.*, 2017 WL 3498692, at *3–4 (D. Utah Aug. 15, 2017) (same). Most recently, this district had such an opportunity as well. In *Kolb v. Mayes Emergency Servs. Tr. Auth.*, the plaintiff filed suit in Oklahoma state court; the defendants filed appearances and motions to dismiss in state court, requested a hearing, then removed the case to federal court. 2022 WL 365743, at *1 (N.D. Okla. Aug. 24, 2022). Since Oklahoma procedural rules require a defendant to serve a responsive pleading within twenty days of receiving service, the court noted that this is "analogous to the time in *Yusefzadeh* and suggests *Soto's* compelled-participation exception would apply for defendants who file a pre-removal motion to dismiss in Oklahoma state court." *Id.* at *2.  In *Kolb*, however, one of the defendants "did more than just file a motion," it requested a hearing. *Id.* The court held that "*requesting* a hearing on a motion to dismiss in Oklahoma state court is substantial defensive action indicating a willingness to litigate in state court which waives a defendant's right to remove the action to federal court." *Id.* at *3 (emphasis added). However, because the record before the court was not clear whether the other defendant requested a hearing on its motion to dismiss filed in state court, the court could not conclude whether the other defendant waived its removal right. *Id.* at *4.

Here, this suit was filed in Oklahoma state court on December 10, 2021, and Defendants were served on December 20, 2021. Pursuant to 12 O.S. § 2012(A), Defendant had twenty days to serve a responsive pleading: by January 10, 2022. Defendants filed appearances, a limited answer, and a motion to dismiss on January 10, 2022. Pursuant to 28 U.S.C. § 1446(b) Defendant had thirty days from receiving service of process to file a notice of removal: by January 19, 2022. Defendants

filed such notice of removal on January 19, 2022. On January 14, the Oklahoma state court, *sua sponte*, set the motion to dismiss hearing for February 15, 2022.

Based on these facts, the Court concludes that Defendants have not waived their right to removal by participating in state court because they satisfy the narrowly carved-out compelled-participation exception detailed by the Tenth Circuit in *Soto*. This case is similar to the Tenth Circuit's example of compelled-participation from the Eleventh Circuit case where defendants had thirty days to remove the suit to federal court but only twenty days to file a motion to dismiss in state court. *Soto*, 864 F.3d at 1099 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)); *see Simpson v. P.F. Chang's China Bistro, Inc.*, 2021 WL 1827237 (D. Colo. May 7, 2021). Critically, the facts in the instant case are different from *Kolb* where the defendant *requested* a motion to dismiss hearing. Here, the defendant did not request a hearing; rather, the court *sua sponte* set the hearing. *See Soto*, 864 F.3d at 1098 ("Soto never *requested* a hearing on its motion to dismiss") (emphasis added); *Cf. Kolb*, 2022 WL, at *3 ("a hearing *request* is a clear indication that the requesting party wants to argue its position to the state court") (emphasis added).

<u>**CONCLUSION**</u>

Waiver of the right to removal must be clear, unequivocal, and found in substantial action *by a defendant*. *Soto*, 864 F.3d at 1098 (emphasis added). Because Defendants were compelled to participate in state court due to the state's procedural rules, and because Defendants never requested a hearing on the motion to dismiss, the Court **DENIES** Plaintiff's Motion to Remand, Doc. 14.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE